## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID A. WALLS,           )
                               )
        Plaintiff,       )
                               )
v.                          )      Case No. 98-1793-CIV-T-17E
                               )
FLORIDA DEPARTMENT OF    )
CHILDREN AND FAMILIES,     )
                               )
        Defendant.     )
_____)

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant, Florida Department of Children and Families ("Department" or "Defendant"), by and through its undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's Motion for Protective Order.

## I.

## FACTUAL BACKGROUND

On or about September 18, 1998, Plaintiff, David A. Walls ("Walls" or "Plaintiff"), commenced this action. Plaintiff alleged that "[f]rom January 1997 to October 1997, Plaintiff was subjected to continuous illegal disability related discrimination, denied reasonable accommodations, denied equal business opportunity and



retaliated against by Defendant." (Complaint ¶ 11.) The Department denied these allegations. (Answer and Affirmative Defenses ¶ 11.)

In consultation with Plaintiff's counsel, counsel for the Department scheduled Plaintiff's deposition for January 13, 1999. The deposition was set for the office of Vincent M. Lucente & Associates, Inc., court reporter, in Bradenton, Florida, so that Plaintiff and his counsel would not have to travel to Tampa.

Shortly before the date of the deposition, Plaintiff's counsel, thorough her paralegal, Jeffrey R. Heineman, asked Department's counsel to reschedule the deposition for a later time due to her illness. The parties agreed that the Department would take the Plaintiff's deposition on January 22, 1999.

On or about January 15, 1999, Plaintiff's paralegal left a voice mail message stating that the Plaintiff would require the services of a sign language interpreter for his deposition. Plaintiff's paralegal provided the telephone number for the Bradenton Deaf Services Center. Defendant's counsel promptly attempted to return the call. Being unable to reach Plaintiff's counsel, counsel for the Department left a message requesting that Plaintiff provide written verification of this new desire for a sign interpreter at his deposition.

After receiving Plaintiff's written request, counsel for the Department's staff made an initial inquiry with the Bradenton Deaf Service Center. The purpose of this inquiry was simply to gather additional information on the use of sign language interpreters during depositions.

On or about January 18, 1999, Plaintiff's counsel contacted counsel for the Department to inform them that she was President of the Board of Directors of the Deaf Service Center of Manatee and Sarasota Counties.  This was the same agency that Plaintiff's counsel, through her paralegal, had previously recommended as the appropriate agency to provide interpreting services.

On or about January 19, 1999, counsel for the Department provided Plaintiff's counsel with written notification that the Department would not bear the costs of a sign language interpreter and that the Department objected to the use of any interpreters affiliated with Plaintiff's counsel.

On or about January 20, 1999, at 5:18 p.m., after receiving no further communication from Plaintiff's counsel, counsel for the Department again reiterated through a facsimile that it had not made arrangements to provide a sign interpreter to the Plaintiff.

On or about January 22, 1999, counsel for the Department and representatives of the Department drove from Tampa to Brandenton to conduct the previously scheduled deposition.  Plaintiff, apparently misunderstanding how a deposition is conducted, stated that he needed a sign language interpreter for his deposition because he would have difficulty due to the number of people asking questions.  (Deposition of Plaintiff David A. Walls taken January 22, 1999 at 3 previously filed with the Court.) (hereinafter Walls' Deposition)  As a courtesy to the Plaintiff and in light of the fact that Plaintiff's counsel stated that she would move to strike the deposition, counsel for the Department suspended

3

the deposition to allow them to secure a sign language interpreter. (Walls' Deposition at 8-9.)

On or about February 2, 1999, after consultation with Plaintiff's counsel, Plaintiff's deposition was rescheduled for February 23, 1999. Counsel for Plaintiff received formal notice of the deposition and was again advised that the Department would make no arrangements for providing a sign language interpreter. During additional telephone conversations, counsel for both parties reiterated their prior positions.

On or about February 17, 1999, Plaintiff's counsel again requested that the Department provide Plaintiff with a sign language interpreter. On or about February 18th counsel for the Department again reiterated that Plaintiff should either provide his own sign language interpreter or file a motion for a protective order.

On or about February 22, 1999, Plaintiff filed his Motion for Protective Order asking "this Court to impose the specific terms and conditions on the taking of his deposition that he; 1) not be deposed without the services of sign language interpreters, and; 2) that he not be required to bear the expense of the provision of sign language interpreting services." (Motion for Protective Order at 4.)

4

## II.

## <u>ARGUMENT</u>

**A.     It has not been established that the Plaintiff suffers from a disability, nor is this issue ripe for adjudication at this time.**

It is not appropriate for this Court to evaluate whether or not the Plaintiff has a disability at this time.   Plaintiff is alleging employment discrimination under the American's With Disabilities Act and the Rehabilitation Act.   (Complaint ¶ 1.)   Under these laws it is Plaintiff's burden to prove as an element of his *prima facie* case that he suffers from a disability.   "In order to establish a *prima facie* case of discrimination in violation of the ADA, the Plaintiff must prove that (1) [he] has a disability; (2) [he] is a qualified individual; and (3) [he] was subjected to discrimination because of his disability." *Morisky v. Broward County,* 80 F.3d 445, 447 (11th Cir. 1996).   "Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the ADA." *Id.* at 448.

Disability is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 29 U.S.C. § 705(9).   "Merely proving the existence of a physical impairment, without addressing any limitation on major life activities is not sufficient to prove disability under the [ADA]." *Standard v. A.B.E.L. Services, Inc.,* 161 F.3d 1318, 1327 (11th Cir. 1998).   Thus, an individual may suffer from a physical impairment but not have

a disability as the term is defined. *See, e.g., Still v. Freeport-McMoran, Inc.*, 120 F.3d 50, 52 (5th Cir. 1997) (holding that the impairment of partial blindness in not a disability under the ADA).

The Department has not had sufficient opportunity to inquire into the extent of Plaintiff's claimed impairment and disputes Plaintiff's claims. Because this issue is in controversy and Defendant has not had the opportunity to conduct Plaintiff's deposition to inquire into his claimed impairment, it is premature for this Court to reach any conclusions regarding the Plaintiff's claimed disability. This issue is clearly not ripe for adjudication at this time and it would be premature for the Court to consider it.

**B.**     **Plaintiff does not require a sign language interpreter for this deposition.**

Even assuming *arguendo* that Plaintiff has some hearing impairment, Plaintiff does not require a sign language interpreter for this deposition. Contrary to the assertions of Plaintiff's counsel at the deposition and contained in the Motion for Protective Order, Plaintiff's claimed impairment does not necessitate the use of a sign language interpreter.

Plaintiff's own statements make it clear that he would not require the use of a sign language interpreter in a deposition. Plaintiff stated in his deposition that he desired a sign language interpreter because there would be multiple people asking questions.

> "The problem with a lot of people, you know, asking questions, in a meeting or whatever, okay, my level -- because I can speak, it's hard to understand, you know, why don't I hear; but I use lip reading and an interpreter in meetings and things like that."

6

(Wall's Deposition at 3 (emphasis supplied).)  In this deposition, as in most depositions and unlike a meeting, only one person, counsel for the Department, will be asking questions and only one person, Plaintiff, will be answering questions.  Thus, the Plaintiff's concern over a lot of people asking questions and his resulting desire to have a sign language interpreter is misplaced.

In addition, Plaintiff asserts that he requires the sign language interpreter for "total communication."  (Walls' Deposition at 3.)  However, this mis-characterizes the translation that is available in American Sign Language.[1]  Plaintiff's understanding of the specific questions asked could actually decrease as a result of a sign language translation. For example, in American Sign Language, the verb does not carry a tense marker.  *See* MARTIN L.A. STERNBERG, AMERICAN SIGN LANGUAGE, A COMPREHENSIVE DICTIONARY, xxxiv (1981) ("Every finite verb in English has to be marked for past tense or be unmarked.  Sign language, however, does not use verbs as time indicators at all").  The translation of spoken English, a language which both Plaintiff and counsel for the Department understand, into another language will certainly result in information being lost in translation.  "Sign language has in many semantic areas only a single sign to express what English has a whole series of words for."  *Id.* at xxxv (containing no dictionary entries for the terms "disability" or "impairment").  "Due to the conceptual

---

[1]Plaintiff has never specified what type of sign language interpreter he desires.  The Department assumes that Plaintiff's desire is for an American Sign Language interpreter, although counsel for the Department is also aware of Signed English, or "Singlish."

nature of sign language, word-for-word translation simply is not possible." 27 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, WRIGHT & GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6055 (1990). *See generally Bucher v. Richardson Hospital, Auth.* 160 F.R.D. 88, 94 (N.D. Tex. 1994)(cited in Plaintiff's Motion for Protective Order) (denying motion to quash taking of a deposition and noting "[i]t is improper for an intermediary to interpret questions and help the witness formulate answers").

Although the Department disputes Plaintiff's need for a sign language interpreter, as a courtesy to Plaintiff, the Department has repeatedly informed his counsel that if he desired to have an independent sign language interpreter at his deposition the Department would allow it, at Plaintiff's expense. It is not the Department's obligation to provide and pay for a sign language interpreter, especially where, as in this case, it is clear that Plaintiff does not require a sign language interpreter for the deposition.

## C.     The Department should not bear Plaintiff's costs.

Plaintiff is able to provide no legal authority for his request that the Department pay his costs to have a sign language interpreter at the deposition. However, he still contends "that the expenses involved in taking of a deposition are the responsibility of the party taking the deposition." (Motion for Protective Order ¶ 14.) It is true that the party taking a deposition has the responsibility to pay for the costs of recording of the deposition. (Motion for Protective Order at 6.) However, Rule 30(b)(2) of the Federal Rules of Civil Procedure Rule specifically provides that the party taking the deposition

8

bear this cost. *See* FED.R.CIV.P. 30(b)(2) ("the party taking the deposition shall bear the cost of the recording.")   There is no parallel requirement that the party taking the deposition bear the cost of providing a sign language interpreter.

Under Plaintiff's logic, that the party taking the deposition should bear all costs associated with taking the deposition, it would be the Department's responsibility to buy Plaintiff's meals during the day of the deposition and provide transportation to the deposition.   These costs, food and transportation, are clearly expenses associated with being deposed, and Plaintiff's logic would have the Department bear these costs.

In addition, Plaintiff implies that since the costs associated with utilizing sign language interpreters could be expensive, the Department should bear these costs. (Motion for Protective Order at 8 ("the potential for an $100.00 hourly expense could quickly multiply well beyond a day long deposition and the financial capacity of the Plaintiff"); *but see id.* at 6 ("the Plaintiff is expected to support the financial obligations which are attendant to the pursuit of his lawsuit."))   The financial abilities of a party are not a factor for the court to consider, because each party is expected to bear its own costs and if a plaintiff cannot, then his claim may be dismissed.   *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176, 178-79, 94 S.Ct. 2140, 2152, 2153 (1974) (dismissing a class action where the Plaintiff would not bear his own costs because the requirement that each party bear its own costs should not be "tailored to fit the pocketbooks of particular Plaintiffs" and holding the plaintiff must bear his costs "as part of the ordinary burden of financing his own suit.")

9

Plaintiff also suggests that the party taking a deposition could "take advantage of a situation" and purposefully require that a plaintiff incur additional costs. (Motion for Protective Order at 8.) Counsel for the Department has not and would not engage in such conduct. As a member of the Florida Bar, counsel for the Department has sworn not to engage in such conduct. *See* Oath of Admission to the Florida Bar ("I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor"). In addition, the Department notes that there is the equal possibility that a plaintiff would "take advantage" and threaten additional costs, such as the taking of a deposition with a sign language interpreter, as a sword to force a defendant to settle a clearly frivolous claim.

Logic and the law dictate that each party bear its own costs. Plaintiff is able to provide no legal authority for the extraordinary proposition that one party is required to bear the other's costs while the action is pending. In fact, Plaintiff's counsel concedes that she "is not aware of any requirement for bearing the opposing party's costs during the pendency of an action." (Walls' Motion for Protective Order at 6.)

**D.    If the Court orders a sign language interpreter, then the Court bears the cost.**

As noted above, it is not appropriate at this time for the Court to rule on whether the Plaintiff has a disability under the ADA or the Rehabilitation Act. If, without ruling on Plaintiff's claimed impairment, this Court decides to order Plaintiff be provided with

10

a sign language interpreter for his deposition, then this Court should also bear the associated costs.

The Federal Courts Improvement Act of 1996 amended the Court Interpreters Act to specifically provide for the appointment of sign language interpreters by the presiding judicial officer, even when the United States is not a party to the litigation.

> [T]he presiding judicial officer may appoint a certified or otherwise qualified sign language interpreter to provide services to a party, witness, or other participant in a judicial proceeding, whether or not the proceeding is instituted by the United States, if the presiding judicial officer determines, on such officer's own motion or on the motion of a party or other participant in the proceeding, that such individual suffers from a hearing impairment.

28 U.S.C. § 1827(l), Pub. L. No. 104-317, §306. When a court appoints a sign language interpreter, it is required to bear the costs. *See id.* ("The presiding judicial officer shall, subject to the availability of appropriate funds, approve the compensation and expenses payable to sign language interpreters appointed under this section in accordance with the schedule of fees prescribed by the Director.") If the Court appoints a sign language interpreter for Plaintiff, the Court bears the cost.

Even assuming *arguendo,* that the Court were to determine at some later date that Plaintiff suffered from a disability, the Court could not require that Defendant pay the costs of a sign language interpreter without violating the laws prohibiting discrimination in Federal programs. Section 504 of the Rehabilitation Act reads in part:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability be excluded from or denied the benefits of, or be

11

subjected to discrimination under any program or activity
receiving Federal financial assistance.

29 U.S.C. §794 (a).  *See Berg v. Florida*, 163 F.3d 1251, 1256 (11th Cir. 1998)("the laws

in this country directed toward ending discrimination against people with disabilities are

designed not to provide a disabled person with benefits because of his or her disability

. . . but to eliminate unfair burdens imposed only on those with disabilities").  The

Department of Justice requires that under the Rehabilitation Act and the ADA "where a

court system has an obligation to provide qualified interpreters, 'it has the corresponding

responsibility to pay for the services of the interpreters.' (45 FR 37630 (June 3, 1980)).

Accordingly, recouping the costs of interpreter service by assessing them as part of court

costs would also be prohibited."  Comment to 28 CFR 35.130(f) at 451 (emphasis

supplied).   Similarly, Appendix B of Subpart G to Part 42 of the regulations

implementing Section 504 of the Rehabilitation Act specifically provided that "[c]ourt

systems receiving federal financial assistance shall provide for the availability of qualified

interpreters for civil and criminal court proceedings involving people with hearing or

speaking impairments."[2]

Depositions are judicial proceedings, conducted under the auspices of the court.

*See, e.g., Tucker by Tucker v. Calloway County Bd.,* 136 F.3d 495, 503 (6th Cir. 1998);

("the judicial record consisted primarily of several depositions taken during the course of

_____

[2]Appendix B was later removed without reason by the Department of Justice, although it
continues to be their policy.  See Baker v. Louisiana, 2 Am. Disabilities Cases (BNA) 841, 1992
U.S. Dist Lexis 21599 (W.D. La. 1992); *aff'd w/o opinion* 9 F.3d 103 (5th Cir. 1993) for a brief
discussion of this Appendix.

judicial proceedings"); *Carroll v. Jaques Admiralty Law Firm*, 110 F.3d 290, 291 (5th Cir. 1997) (district court's power to regulate court proceedings authorized control over party's conduct at his deposition); *Giffin v. Summerlin*, 78 F.3d 1227, 1231 (7th Cir. 1996) ("Testimony by deposition is an important part of the judicial process and merits the same protection as in-court testimony."); *Downs v. Westphal*, 78 F.3d 1252, 1255 (7th Cir. 1996) ("depositions or other court proceedings"); *Lane v. Brown*, 372 U.S. 477, 480, 83 S.Ct. 768, 770 (1963) (discussing the duties of a Public Defender as allowing him to order "hearing transcripts or their equivalent" and quoting an Indiana statute regarding "court proceedings, including . . . depositions"). Thus, providing and paying for sign language interpreters at court proceedings, including a deposition, is the responsibility of the Court.

In *Baker v. Louisiana*, 2 Am. Disabilities Cases (BNA) 841, 1992 U.S. Dist Lexis 21599 (W.D. La. 1992), *aff'd w/o opinion*, 9 F.3d 103 (5th Cir. 1993), a hearing impaired litigant provided her own private sign language interpreter during a state court child support hearing. The sign language interpreter then submitted an invoice to the state court for payment. *See id.* at 841. The state court taxed the bill as court costs. *See id.* The district court noted that the Department of Justice has opined that under the Rehabilitation Act and the ADA that "where a court system has an obligation to provide qualified interpreters, 'it has the corresponding responsibility to pay for the services of the interpreters.'" *Id.* at 843. The court went on to note that under Supreme Court precedent the Department of Justice regulations "would be substantial authority to support the

13

conclusion that a court system which receives federal financial assistance violates Section 504 of the Rehabilitation Act by recouping the costs of a court-appointed, qualified interpreter by assessing them to a party as court costs." *Id.* However, the *Baker* court held that because in that case the litigant had not requested that the court appoint a qualified interpreter, she would be required to bear her own costs. *See id.* at 844.

It should be noted that the Court Interpreters Act, the Department of Justice's view and the *dicta* statements of the *Baker* court initially appear to conflict the Federal Rules of Civil Procedure, which allow the cost of a sign language interpreter utilized for the testimony of a witness in open court to be taxed as a cost to the parties. The Rules provide that

> [t]he court may appoint an interpreter of its own selection and may fix the interpreter's reasonable compensation. The compensation shall be paid out of funds provided by law or by one or more of the parties as the court may direct, and may be taxed ultimately as costs, in the discretion of the court.

FED.R.CIV.P. Rule 43(f). The Note to subdivision (f) "authorizes the court to appoint interpreters (including interpreters for the deaf), to provide for their compensation, and to tax the compensation as costs." FED.R.CIV.P. 43(f), Note.

However, the Court is now authorized, even under Rule 43(f), to pay the compensation of a sign language interpreter. The 1996 amendment to the Court Interpreters Act authorized the necessary "funds provided by law" to pay for the compensation of sign language interpreters. *Compare* FED.R.CIV.P. 43(f) (allowing interpreters to be "paid out of funds provided by law") *with* 28 U.S.C. § 1827 (l) (authorizing the payment of sign

14

language interpreters).  In addition, under the Rehabilitation Act and ADA courts have an obligation to provide and compensate sign language interpreters.  Thus, while it appears that prior to these laws a court could assess the costs of court-ordered sign language interpretation for a deposition against a party, subsequent to their enactment, the Court must bear the costs of a court-ordered sign language interpreter.

## IV.

## CONCLUSION

For the reasons set forth above, the Department respectfully requests that this Court deny Plaintiff's request that he only be deposed with the services of a sign language interpreter.  However, the Department will not object to the Plaintiff providing his own independent sign language interpreter (who is not affiliated with plaintiff's counsel) at his own cost. If the Court orders a sign language interpreter for Plaintiff's deposition, then the Department respectfully requests that the Court bear the cost of the interpreter.

15

Respectfully Submitted,

Cynthia L. May
Florida Bar No. 029297

Ryan D. Barack
Florida Bar No. 0148430

ZINOBER & McCREA, P.A.
201 East Kennedy Boulevard, Suite 850
Tampa, Florida  33602
Tel:  (813) 224-9004
Fax: (813) 223-4881
Attorneys for Defendant
Florida Department of Children
and Families


## CERTIFICATE OF SERVICE


I HEREBY CERTIFY that the original of the foregoing Defendant's Response

To Plaintiff's Motion For Protective Order has been furnished by U.S. Mail, this

4th day of March 1999, to the following:

Deborah W. Westmoreland, Esquire
1322 6th Avenue West
Bradenton, Florida  34205-0000

Attorney

16

# CASE CITES NOT SCANNED.
# FILED SEPARATELY.