

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID A. WALLS,

    **Plaintiff,**

v.                                                        Case No.  98-1793-CIV-T-17(E)

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

    **Defendant.**
_____/

## <u>O R D E R</u>

        THIS MATTER is before the court on **Plaintiff's Motion for Protective Order**. (Doc. 11). Defendant has filed its response in opposition. (Doc. 12). A hearing was conducted on the motion, April 1, 1999.

        Plaintiff in this cause sues the Defendant in various counts for disability discrimination. According to Plaintiff, he is disabled by reason of a hearing impairment and claims discrimination by reason of failure to accommodate and by way of retaliation. The Defendant desires to depose Plaintiff. By its motion, Plaintiff seeks an order of this court requiring that the Defendant provide a sign language interpreter at the deposition. Defendant, who is presently unwilling to concede the Plaintiff's disability, objects, and, in any event suggests that if a sign language interpreter is required, it is the court's responsibility to pay for such interpreter.

        Without foreclosing future arguments on the matter of the Plaintiff's disability, the court is satisfied from the presentation that there is sufficient evidence to



conclude that Plaintiff suffers from some degree of diminished comprehension by reason of a hearing defect and that all parties will benefit from the assistance of a sign language interpreter at his deposition. To the extent that the motion for protective order insists on such sign language interpreter being present, it is **GRANTED**.

As for the cost issue, Defendant argues that the deposition is a court proceeding such that this court is required to appoint and pay for a sign language interpreter in order to satisfy the ADA and the Rehabilitation Act. Indeed federal statute allows the court to appoint such an interpreter in a judicial proceeding if it is determined that a party or other participant suffers from a hearing impairment. See 28 U.S.C. § 1827(l). See also Fed. R. Civ. P. 43(f). Furthermore, as indicated by the court at the hearing, it is the policy of the Middle District court to accommodate persons with disabilities in proceedings before the court and such accommodation, as is appropriate, will be made in this case.

However, none of these provisions dictate that it is the court's responsibility to pay the costs related to a sign interpreter for proceedings which are not before the court or are otherwise "judicial proceedings." In this circuit, the definition of the term "judicial proceeding" is that originally announced by Judge Learned Hand. By his definition, the term "judicial proceeding" includes "any proceeding determinable by a court, having for its object the compliance of any person, subject to judicial control, with standards imposed upon its conduct and the public interest, even though such compliance is enforced without the procedure applicable to the punishment of crime." In re Petition to Inspect and Copy Grand Jury Materials, 735 F.2d 1261, 1271 (11th Cir. 1984)

2

(quoting, Doe v. Rosenberry, 255 F.2d 118, 120 (2nd Cir. 1958)). In the first instance, a discovery deposition does not rise to the level of a judicial proceeding, no judge is present, the court is not called upon to adjudicate any issues, nor to compel the performance of any action by a party. Accordingly, the court concludes that the responsibility for the provision of a sign language interpreter at a deposition, in the first instance, does not lie with the court. The requirements of the ADA and the Rehabilitation Act do not dictate a different result.

Upon this finding, the court concludes that initially the burden should be upon the Defendant to underwrite the cost of the sign language interpreter if it chooses to depose the Plaintiff. In the court's view, such costs are taxable costs and may ultimately be assessed as against the Plaintiff in the event he is not successful in the litigation. Accordingly, **Plaintiff's Motion for Protective Order** (Doc. 11) is **GRANTED**. A sign language interpreter will be present during the deposition of the Plaintiff and initially the cost shall be borne by the Defendant. In all other respects, the motion is **DENIED**.

**Done and Ordered** in Tampa, Florida this 13th day of April, 1999.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Deborah W. Westmoreland, Attorney for Plaintiff
Cynthia L. May, Attorney for Defendant